FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ELLIOTT D. GOODIN,

Plaintiff,

v.

EASTERN STATE HOSPITAL,

Defendant.

NO:  2:22-CV-0115-TOR

ORDER OF DISMISSAL WITHOUT PREJUDICE

On May 24, 2022, Plaintiff was allowed to file an Amended Complaint within 60 days.  ECF No. 4.  Plaintiff is proceeding *pro se* and *in forma pauperis*. ECF No. 3.

Plaintiff was cautioned that his failure to amend within 60 days would result in the dismissal of this case.  ECF No. 4 at 10.  Although granted the opportunity to do so, Plaintiff has now failed to amend his complaint to include sufficient facts to establish federal subject-matter jurisdiction.  *See Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citations omitted).

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 1

1    Plaintiff has written a letter to the Court which is construed as a motion for

2    appointed counsel.  ECF No. 5.  Generally, a person has no right to counsel in civil

3    actions.  However, the court has discretion to designate counsel pursuant to 28

4    U.S.C. § 1915(e)(1) under "exceptional circumstances."  *Palmer v. Valdez*, 560

5    F.3d 965, 970 (9th Cir. 2009).  "When determining whether 'exceptional

6    circumstances' exist, a court must consider 'the likelihood of success on the merits

7    as well as the ability of the petitioner to articulate his claims pro se in light of the

8    complexity of the legal issues involved."  *Id*. (quoting *Weygandt v. Look*, 718 F.2d

9    952, 954 (9th Cir. 1983)).  The court may only request attorneys to represent

10   impoverished litigants, rather than command them to take cases, and there is no

11   compensation available for them.  *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*,

12   490 U.S. 296, 302, & n.3 (1989).

13   Here, Plaintiff has failed to demonstrate exceptional circumstances to warrant

14   appointment of counsel.

15   Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma*

16   *pauperis* if the trial court certifies in writing that it is not taken in good faith."  The

17   good faith standard is an objective one, and good faith is demonstrated when an

18   individual "seeks appellate review of any issue not frivolous."  *See Coppedge v.*

19   *United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an

20

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 2

appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.  Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim under 28 U.S.C. §1915(e)(2)(B).

2. Plaintiff's letter construed as a Motion for Appointment of Counsel, ECF No. 5, is **DENIED**.

3. Plaintiff's *in forma pauperis* status is **REVOKED.**

The District Court Executive is directed to enter this Order, enter judgment of dismissal without prejudice, forward a copy to Plaintiff, and **CLOSE** the file.

DATED August 4, 2022.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL WITHOUT PREJUDICE ~ 3